IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                          Case No.  3:07cr81/RV

BYRON TODD HAMRICK,
_____/

## REPORT AND RECOMMENDATION
## CONCERNING PLEA OF GUILTY AND MENTAL COMPETENCE

Defendant, by consent, appeared before me pursuant to Rule 11, Fed. R. Crim. P., and entered a plea of guilty to Counts I, II, III and IV of the Indictment.  After cautioning and examining Defendant under oath concerning each of the subjects mentioned in Rule 11, I determined that the guilty plea was knowing and voluntary, and that the offenses charged are supported by an independent basis in fact containing each of the essential elements of such offenses.[1]

Moreover, pursuant to 18 U.S.C. §§ 4241, 4247, a competency hearing was conducted, during which the court considered the Forensic Report prepared by Rodolfo A. Buigas, Ph.D., and Elise Spina Taylor, Psy.D., which found Defendant competent (*see* Doc. 38).  No additional evidence was offered by either the Government or the defense, and neither Defendant nor his

---

[1] During the plea colloquy, Defendant stated that he remembered most of the events that formed the factual basis for the charge contained in Count One and all of the events that formed the factual basis for the charge contained in Count Four.  He claimed, however, that he had no recollection of the events surrounding the charges in Counts Two and Three, which occurred on the same date and at the same time.  After a thorough exchange with counsel for the Government and Defendant, as well as a direct exchange with Defendant, the court determined that the Government could certainly prove each count against Defendant, and that Defendant admitted sufficient corroborating circumstances to satisfy the court that he was indeed guilty of the charged offenses (including Count Four, which he freely admitted). For example, although video surveillance did not capture all of Defendant's actions, it put Defendant in the place and at the time of the offense alleged in Count One, Defendant reviewed the video with his counsel, and he acknowledged that it was him on the video.  No video exists regarding Counts Two and Three, but the crimes were committed in a similar manner and within the same general time frame as the other offenses, the location of the offenses was very near Defendant's residence, and Defendant admitted that he had been there many times.

counsel argued for a finding or asserted that Defendant was incompetent to proceed.  Additionally, the court closely observed Defendant's demeanor and personally conversed with Defendant throughout the proceedings.  At no time did the undersigned have any concern regarding Defendant's competency.

Accordingly, it is respectfully **RECOMMENDED** that:

1. That the plea of guilty be accepted and Defendant be adjudicated guilty and have sentence imposed accordingly.

2. That a finding be made that Defendant is not presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

At Pensacola, Florida, this 19th day of October 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE

Any objections to these proposed findings and recommendations must be filed within twenty four (24) hours after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701** (**11th Cir. 1988**)**.**